## Case No. 242.

### ALLEN'S HEIRS v. ALLEN'S EX'RS.

[3 Wall. Jr. 289;[1] 18 Leg. Int. 109]

Circuit Court, W. D. Pennsylvania. May Sessions, 1860.

MARSHALING OF ASSETS—SUBROGATION.

Where an annuity left by will is charged "on real and personal estate," and legacies are also given, but are not charged on any special fund; equity will, as against heirs who are not at the same time devisees, order the annuity to be paid out of personalty, if there be personalty enough to pay both annuities and legacies: or if there be not enough to pay both, and the annuity has

[1][Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

[1][Reported by John William Wallace, Esq., and here reprinted by permission.]

been already paid out of personalty, will subrogate the legatees to the annuitant: Aliter, as is said, though not decided, if the parties claiming the realty are devisees, and if the personalty has been exhausted by creditors.

In equity. Allen, by his will, ordered that "first and foremost there be secured to my dear wife" on my real and personal estate, an annuity "of $1,200 a year, to be punctually paid semiannually during her lifetime, and that my executors pay all taxes on the premises occupied by my wife during her lifetime." Then followed numerous legacies to individuals, to corporations, and for pious uses, exceeding in amount the whole personal estate, but not charged, like the annuity, on the realty. The will made no disposition of the realty, and consequently it descended to the heirs, the present complainants. There was enough of personal property, and enough of realty, to answer the annuity, independently of each other. And the questions now before the court were whether the annuity should be paid out of personalty exclusively, or out of realty exclusively, or if out of both jointly, in what proportion, and out of what fund the "taxes" should be paid?

GRIER, Circuit Justice. This annuity being the first and only charge on the whole estate, real and personal, the widow may have it satisfied out of either or both, at her election. But if paid in the first place out of the personalty, will not equity so marshal the assets as to substitute the legatee's to the annuitant's security on the realty?—or, what would amount to the same thing, order that the annuity be paid in the first place from the rents and profits of the realty? We must observe that the complainants claim as heirs, not as devisees; they are not objects of the testator's bounty. In such a case if a creditor, by bond or covenant having a right to satisfaction out of both, be paid out of the personal assets, so as to leave nothing to satisfy the general legacies, equity will not marshal the assets and pay the legacy out of the land devised; nor even, it is said, against a residuary devisee of realty. But the heir is not so favored. As against him the court will so marshal the assets, that the general legatee shall be substituted to the right of bond debtors against the realty, to the extent to which the personal fund has been diminished, by his election of his satisfaction out of it. It is settled, also, that where one legacy is charged both on realty and personalty, and the others are not, if the personal estate be insufficient to pay all the legacies, a court of equity will marshal the assets; and if the legacies charged on the real estate are paid out of the personalty, it will substitute the legacies not so charged to that amount, as against the realty. The courts also have in some instances compelled legatees whose legacies were charged on real estate, to resort to

this estate for payment. Ram, Assets, c. 28, § 3, and cases cited. These principles dispose of the case. As against heirs (the complainants in this case), the general legatees have a right to require that the annuity be satisfied out of the rents, or by sale of the realty, and so far as the personalty has been applied to the payment of this annuity, they have a right to be substituted against the realty. The taxes which the executors are ordered to pay for the widow are not made a charge on the realty, and must therefore be charged to the account of the personalty. Decree accordingly.